**Brad CUNNINGHAM, Plaintiff—
Appellant,**

**v.**

**Brian E. BELLEQUE, John and Jane Does 1–11, all in their official and individual (personal capacities); et al., Defendants—Appellees.**

No. 04–35948.

D.C. No. CV–03–01239–MWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 27, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brad Cunningham, Salem, OR, pro se.

Richard D. Wasserman, Office of the Oregon Attorney General, Salem, OR, for Defendants—Appellees.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM**

Oregon state prisoner Brad Cunningham appeals pro se the district court's judgment dismissing of his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate in part, reverse in part, and remand.

■ The district court held that Cunningham failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"), despite the fact that his grievances were rejected as untimely, and Cunningham contends that he was told by the prison's grievance coordinator that he "would not obtain any relief for medical grievances through this procedure." The district court decided this case before our decision in *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir.2005), which discusses the defendant's burden to prove that further administrative remedies are "available." *See also Ngo v. Woodford*, 403 F.3d 620, 625 (9th Cir.2005) (recognizing that a prisoner satisfied the exhaustion requirement by showing his grievance had been rejected as untimely because he "could go no

further in the prison's administrative system; no remedies remained available to him"). Accordingly, we remand to the district court to consider defendants' motion for summary judgment in light of intervening case law.

■ We also reverse the district court's summary judgment on Eleventh Amendment grounds because Cunningham named the state defendants in their individual capacities and alleged that they committed acts in that capacity that violated his constitutional rights. *See Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir.1997) (distinguishing between the capacity in which an official is sued and the capacity in which an officer inflicts an alleged injury for purposes of determining immunity); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001) (en banc) (42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights.").

**VACATED in part; REVERSED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.